Richard B. NELLIS; Andrew R. Hawkins; Stuart Hughes; Edward J. Breen, Jr.; Raymond T. Burke; Edward L. Fugate; Fred K. Testa; William T. Gaffney; Vincent G. Brocklebank, Plaintiffs–Appellants,

v.

AIR LINE PILOTS ASSOCIATION; J. Randolph Babbit; Henry A. Duffy; Francis J. Kelker; H.T. Dodge; Robert Shelton; F.C. Dubinsky; Armand Janzen; Jerome Mugerditchian; Richard L. Burke; Charles T. Tully, Defendants–Appellees.

Richard B. NELLIS; Andrew R. Hawkins; Stuart Hughes; Edward J. Breen, Jr.; Raymond T. Burke; Edward L. Fugate; Fred K. Testa; William T. Gaffney; Vincent G. Brocklebank, Plaintiffs–Appellees,

v.

AIR LINE PILOTS ASSOCIATION; J. Randolph Babbit; Henry A. Duffy; Francis J. Kelker; H.T. Dodge; F.C. Dubinsky; Armand Janzen; Jerome Mugerditchian; Richard L. Burke; Charles T. Tully, Defendants–Appellants.

Nos. 93–1310, 93–1424.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 28, 1993.

Decided Jan. 24, 1994.

Argued: Graeme Webster Bush, Caplin & Drysdale, Chartered, Washington, DC, for appellants. James Leon Linsey, Cohen, Weiss & Simon, New York City, for appellees. On Brief: James Sottile, IV, Caplin & Drysdale, Chartered, Washington, DC, for appellants. Stephen Presser, Cohen, Weiss & Simon, New York City, for appellees.

Before HAMILTON, Circuit Judge, CHAPMAN, Senior Circuit Judge, and KAUFMAN, Senior United States District Judge for the District of Maryland, sitting by designation.

## OPINION

PER CURIAM:

This case arises out of the dissolution of Eastern Airlines and involves a labor dispute between the pilots' union and former Eastern pilots. The bulk of the facts recited in this opinion are taken from the two district court opinions below.

Appellants are nine named plaintiffs who represent a class of over 2,400 former Eastern airline pilots. The latter were on the seniority list as of March 4, 1989, the date on which Eastern pilots went on strike. Appellees/cross-appellants are the Air Line Pilots Association, International ("ALPA" or the "Union") and ten of its former and present officials. At the time the events at issue took place, ALPA was the exclusive collective bargaining representative of the Eastern pilots, and also represented the pilots of a majority of other domestic airlines. In connection with its relations with each airline, the ALPA maintains a subordinate body known as a Master Executive Council ("MEC"), which functions as the coordinating council for ALPA-represented pilots at the airline and is comprised of elected individual pilots who represent that airline.

On March 4, 1989, the Eastern MEC voted to strike against the airline and the Eastern pilots went on strike. At that time, ALPA had in effect a Merger Fragmentation Policy which, according to appellants, obligated ALPA to take certain steps in the event part of an airline's assets were acquired by another ALPA carrier. Specifically, appellants contend that the Fragmentation Policy required ALPA to take all steps necessary to arrange for the transfer of Eastern pilots to the acquiring airlines and to ensure that the transferred pilots obtained at least some seniority for their years of service at Eastern.[1]

---

1. Eastern declared bankruptcy on March 9, 1989, and remained under the supervision of the Bankruptcy Court until January 18, 1991, when it ceased its operations and began liquidating its

In their complaint in this case, the pilots contend that ALPA unlawfully induced them to strike by promising full compliance by the Union with the Fragmentation Policy in the event Eastern sold its assets or laid off pilots. In addition, the pilots assert that ALPA not only failed to comply with the Fragmentation Policy and with its promises to its pilots to negotiate on their behalf, but also that ALPA actively interfered with the pilots' attempts to secure employment with the acquiring carriers. In this litigation, the pilots state six counts against ALPA, alleging that: ALPA violated the federally mandated duty of fair representation (Count I), ALPA breached its contractual obligations in failing to honor the Fragmentation Policy (Count II), ALPA induced the pilots to rely detrimentally on promises to the pilots by ALPA to abide by the Fragmentation policy (Count III), ALPA tortiously interfered with the pilots' efforts to secure employment with other airlines (Count IV), ALPA officials breached their fiduciary duties to the union under section 501 of the Labor Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. § 501, and ALPA unlawfully established a custodianship for the Eastern MEC in violation of 29 U.S.C. § 462 (Count VI).

In *Nellis v. Air Line Pilots Ass'n*, 805 F.Supp. 355 (E.D.Va.1992) (*Nellis I*), Judge Thomas S. Ellis, III, granted summary judgment for ALPA with regard to the pilots' state law counts (Counts II, III, and IV). In so doing, Judge Ellis agreed with ALPA that the federal duty of fair representation preempts those common law state claims. Judge Ellis noted that labor unions may contractually obligate themselves to duties which exceed those embodied in their federal duty of fair representation. However, he concluded that the duties which the pilots sought to impose on the Union in this case were "mere refinements" of the federal duty of fair representation, and not "separate and distinct" from that duty. *Nellis I*, 805 F.Supp. at 360.

Following the decision of the district court below in *Nellis I*, ALPA sought summary judgment in connection with the remaining

counts (I, V, and VI) of the complaint. After an extensive review of the record, Judge Ellis determined in *Nellis v. Air Line Pilots Ass'n*, 815 F.Supp. 1522 (E.D.Va.1993) (*Nellis II*), that as to Count I, the Union did not violate its federal duty of fair representation established under 45 U.S.C. § 152. *Id.* at 1530–34, 1538–40. In that regard, the district court found that the Union's conduct was not "arbitrary, discriminatory, or in bad faith," the standard set forth in *United Steelworkers of America v. Rawson*, 495 U.S. 362, 372, 110 S.Ct. 1904, 1911, 109 L.Ed.2d 362 (1990) (quoting *Vaca v. Sipes*, 386 U.S. 171, 190, 87 S.Ct. 903, 916, 17 L.Ed.2d 842 (1967)). The district court, however, rejected ALPA's argument that the pilots' duty of fair representation claims based on actions which occurred in 1989 and 1991 were barred by the six-month statute of limitations. *Nellis II*, 815 F.Supp. at 1538.

With regard to Count V, the district court determined that the appellant pilots could not assert a derivative claim under 29 U.S.C. § 501 on behalf of ALPA against the Union officials because the ALPA itself suffered no harm. *Id.* at 1541–42. Finally, as to Count VI, Judge Ellis concluded that ALPA's imposed custodianship over the Eastern MEC conformed with ALPA's constitution as well as with federal law. *Id.* at 1542–53.

In the instant appeal, the pilots challenge the district court's grant of summary judgment in favor of ALPA and its officials on counts I–V in the pilots' complaint.[2] In their cross-appeal, ALPA challenges the district court's ruling with regard to whether the pilots' duty of fair representation claims are time barred.

We hereby adopt the thorough reasoning of the district court in *Nellis I* and *Nellis II* granting summary judgment for ALPA on Counts I–V. We agree, for the reasons set forth by the district court in those opinions, that the common law state claims stated by appellants are preempted by federal law, that the Union did not violate its federal duty of fair representation, and that the pilots do not

---

remaining assets. Before the period of bankruptcy supervision ended, Eastern had already sold many of its assets.

2. Appellants do not appeal the district court's grant of summary judgment on Count VI.

have a viable claim against the Union officials under 29 U.S.C. § 501. In the light of the resolution of those issues on the merits, we need not and do not reach the limitations issue.

AFFIRMED.